*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 10-BG-47

IN RE WALTER L. BLAIR,
RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 471057)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 509-08)

(Submitted February 2, 2012       Decided February 23, 2012)

Before GLICKMAN and FISHER, *Associate Judges*, and SCHWELB, *Senior Judge*.

PER CURIAM: In its attached Report and Recommendation, the Board on Professional Responsibility has recommended that Walter L. Blair, a member of the Bar of this court, be disbarred. We adopt the Board's recommendation.

I.

On December 15, 2009, as more fully described in the Board's Report, Blair was convicted, *inter alia*, of one felony count of witness tampering, in violation of 18 U.S.C. § 1512 (b)(3) (2011 Supp.), and of one felony count of obstruction of justice, in

2

violation of 18 U.S.C. § 1503 (a) (2000).[1] The events that led to Blair's convictions are set forth in detail in *Walter L. Blair v. United States*, 661 F.3d 755 (4th Cir. 2011) (per curiam).

In its Report and Recommendation, which was issued on July 23, 2010, the Board concluded that Blair's convictions of witness tampering and obstruction of justice involved moral turpitude *per se*. The Board therefore recommended that Blair be disbarred, but that this court "should defer final action until [Blair's] appeal is decided and the convictions are final." Blair did not file an exception to the Board's recommendation, nor has he filed a brief in this court.[2]

On September 21, 2011, the Court of Appeals reversed Blair's conviction for obstruction of justice, but affirmed his conviction for witness tampering, as well as most of his convictions for other offenses. Blair filed a petition for rehearing or rehearing en banc,

---

[1] As noted by the Board, Blair was also convicted of money laundering and several other offenses. Because these offenses were not considered by the Board in relation to the question whether Blair was subject to automatic disbarment for conviction of a crime of moral turpitude, we do not discuss them in this opinion.

[2] Blair has filed a request for oral argument, and he has attached to his motion a copy of his brief in the United States District Court for the District of Maryland in which he contests the legality of his convictions for money laundering. Because the money laundering offenses are not the basis for the Board's recommendation that Blair be disbarred, or for our adoption of that recommendation, this brief to the District Court is irrelevant to the issues before us.

3

but on October 28, 2011, that petition was denied.[3] We agree with the Board that witness tampering, in violation of 18 U.S.C. § 1512 (b)(3), is a crime of moral turpitude *per se*. *See In re Luvara*, 942 A.2d 1125, 1127 (D.C. 2008). Accordingly, the appropriate sanction for Blair's conduct is disbarment. *In re Colson*, 412 A.2d 1160, 1165 (D.C. 1979) (en banc).

## II.

For the foregoing reasons, Walter L. Blair is hereby disbarred. For purposes of reinstatement, Blair's disbarment shall run from the date that he files an affidavit that fully complies with D.C. Bar R. XI, § 14 (g).

*So ordered.*

---

[3] Blair then filed a petition for *certiorari* in which he asked the Supreme Court to review the affirmance of some of his convictions by the United States Court of Appeals for the Fourth Circuit, and he requested this court to stay his disbarment pending resolution of that petition. Because the petition did not concern Blair's conviction for witness tampering, his motion for a stay was denied on January 31, 2012.

## DISTRICT OF COLUMBIA COURT OF APPEALS
## BOARD ON PROFESSIONAL RESPONSIBILITY

| | |
|---|---|
| In the Matter of: | |
| WALTER L. BLAIR, | |
| | D.C. App. No. 10-BG-47 |
| Respondent. | Bar Docket No. 509-08 |
| A Member of the Bar of the District of Columbia Court of Appeals (D.C. Bar No. 471057) | |

### REPORT AND RECOMMENDATION
### OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This matter is before the Board on Professional Responsibility (the "Board") pursuant to an order of the District of Columbia Court of Appeals (the "Court") directing the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed based on Respondent's federal convictions of money laundering, witness tampering, obstruction of justice, making false statements to the government, and failing to file tax returns. Specifically, we are to review the elements of these crimes to determine whether they involve moral turpitude within the meaning of D.C. Code § 11-2503(a) (2001). We conclude that Respondent's convictions of obstruction of justice and witness tampering involve moral turpitude *per se*, requiring Respondent's disbarment under D.C. Code § 11-2503(a).

5

## BACKGROUND

Respondent was admitted to the Bar of the District of Columbia Court of Appeals on February 9, 2001. On December 15, 2009, Respondent was found guilty in the United States District Court for the District of Maryland of eight felony counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), one felony count of money laundering in violation of 18 U.S.C. § 1957(a), one felony count of witness tampering in violation of 18 U.S.C. § 1512 (b)(3), one felony count of obstruction of justice in violation of 18 U.S.C. § 1503(a), one felony count of false statements in violation of 18 U.S.C. § 1001(a)(2), and two felony counts of failure to file individual tax returns in violation of 26 U.S.C. § 7203. On April 23, 2010, Respondent was sentenced to eleven 97-month terms of imprisonment, one 60-month term of imprisonment, and two 12-month terms of imprisonment, all to be served concurrently.

Bar Counsel reported Respondent's convictions to the Court on January 21, 2010. On March 19, 2010, the Court suspended Respondent pursuant to D.C. Bar R. XI § 10(c) and directed the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed and specifically to review the nature of the offenses of which Respondent was convicted for the purpose of determining whether the crimes involve moral turpitude within the meaning of D.C. Code § 11-2503(a). Order, *In re Blair*, No. 10-BG-47 (D.C. March 19, 2010).

## ANALYSIS

D.C. Code § 11-2503(a) provides for the mandatory disbarment of a member of the District of Columbia Bar convicted of a crime of moral turpitude. The legal standard for moral turpitude was established in *In re Colson*, 412 A.2d 1160 (D.C. 1979) (en banc). In *Colson*, the Court held that a crime involves moral turpitude if "the act denounced by the statute offends the generally accepted moral code of mankind," if it involves "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man," or if the act is "contrary to justice, honesty, modesty, or good morals." *Id.* at 1168 (internal citations omitted). Once the Court determines that a particular crime involves moral turpitude *per se*, the Board must adhere to that ruling and disbarment must be imposed. *Id.* at 1165.

The *Colson* Court determined that obstruction of justice in violation of 18 U.S.C. § 1503 is a crime of moral turpitude *per se*. *Id.* at 1168; *see also In re Libby*, 945 A.2d 1169 (D.C. 2008) (per curiam); *In re Gormley*, 793 A.2d 469 (D.C. 2002) (per curiam); *In re Laguna*, 749 A.2d 749 (D.C. 2000) (per curiam).

In addition to obstruction of justice, Respondent was convicted of witness tampering in violation of 18 U.S.C § 1512(b)(3). *See Blair, supra*, No. PJM-8-08-CR-00505-001. The Court has held that "intentionally or knowingly intimidating a witness is a crime of moral turpitude *per se.*" *In re Luvara*, 942 A.2d 1125, 1127 (D.C. 2008). The statute at issue in

7

*Luvara*, 18 PA CONS. STAT. § 4952 (2002), is similar but not identical to 18 U.S.C § 1512(B)(3). In finding that the offense constituted a crime of moral turpitude *per se*, the Court wrote:

> This *mens rea* requirement establishes that the least culpable offender convicted under the statute has committed an act that is 'contrary to justice.' The crime is similar to the offense of obstruction of justice, which we have held to involve moral turpitude in that the offender knowingly or intentionally disregards the system of law and due process that defines our civilized society.

*Id.* at 1126-27. Similarly, a violation of 18 U.S.C. § 1512(b)(3) provides in pertinent part:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . .

The Board finds no significant difference between the Pennsylvania statute at issue in *Luvara* and witness tampering under 18 U.S.C. §1512(b)(3). Both statutes require proof of the knowing or intentional interference with the enforcement of law. Therefore, we conclude that witness tampering under 18 U.S.C. § 1512(b)(3) also constitutes moral turpitude *per se* and mandates disbarment.

In his motion to set aside the Court's order of temporary suspension, Respondent states that he intends to appeal his conviction, but the record filed with the Board does not disclose whether an appeal has been filed. The pendency of an appeal should not delay the Board's recommendation in this matter, but the Court should defer final action until an

8

appeal is decided, and the convictions are final.[1] *See In re Hirschfeld*, 622 A.2d 688, 690 (D.C. 1993) (withholding action on Board Report and Recommendation until appeal of conviction is decided); D.C. Bar R. XI, § 10(d) (a "proceeding [following conviction of serious crime] shall not be concluded until all direct appeals from conviction of crime have been completed.").

## EFFECTIVE DATE OF SUSPENSION

On April 14, 2010, Respondent filed an affidavit with the Court pursuant to D.C. Bar R. XI, § 14(g). In a letter dated April 19, 2010, Bar Counsel notified the Court, with a copy to Respondent, that the affidavit was not fully compliant with D.C. Bar R. XI, § 14(g), in that it failed to demonstrate that Respondent complied with the requirements of the rule. Letter from Wallace E. Shipp, Jr. to Garland Pinkston, Jr., Esquire, dated April 19, 2010. On April 27, 2010, Respondent filed a second affidavit, which fills in blanks on a form affidavit provided by Bar Counsel. The affidavit attaches certified letters with receipts to three clients informing them of Respondent's suspension, but failing to state the effective date (March 19, 2010), a notice of withdrawal filed by Respondent for one of the clients, and a praecipe of substitution of counsel filed by new counsel for another of the clients.[2] The affidavit further states that it attaches two notices to adverse parties as required by D.C. Bar R. XI, § 14(c) and Board Rule 9.9(a), and notices to two

---

[1] Bar Counsel should inform the Court as to the status of an appeal.

[2] Under D.C. Bar R. XI, § 14(b), Respondent was required to move *pro se* for leave to withdraw if the client failed to obtain substitute counsel.

9

clients and their co-counsel regarding the delivery of client papers and property pursuant to D.C. Bar R. XI, § 14(d), but it includes no such notices. Finally, the affidavit filed with the Board is not an original, as required by D.C. Bar R. XI, § 14(g).

Under D.C. Bar R. XI, § 14(g), a suspended attorney must file an affidavit "[d]emonstrating with particularity, and with supporting proof" that he has fully complied with the requirements of the rule, including providing notice to clients and adverse parties of the order of suspension. *See* Rule XI, § 14(a-c) (notice to clients and adverse parties). Respondent's second affidavit shows that he had five clients at the time of his suspension, three in non-litigated matters and two in litigated matters, but attached notices of the suspension to only three clients. While the form affidavit states that Respondent provided all other notices required under § 14(g), he failed to file the necessary supporting proof. We thus find that Respondent has failed to satisfy the requirements of D.C. Bar R. XI, §14(g). The effective date of his reinstatement should thus run from the filing of a fully compliant §14(g) affidavit, with the original filed with the Court and the Board, and a copy to Bar Counsel.

## CONCLUSION

For the foregoing reasons, the Board recommends that Respondent be disbarred pursuant to D.C. Code § 11-2503(a) because he has been convicted of crimes involving moral turpitude *per se*. Respondent's disbarment should run, for purposes of reinstatement, from the date he files an affidavit that fully complies with D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C. 1994).

10

BOARD ON PROFESSIONAL RESPONSIBILITY

By:	/ECH/

Ernestine Coghill-Howard

Dated: July 23, 2010

All members of the Board concur in this Report and Recommendation except Mr. Willoughby and Mr. Smith, who did not participate.